UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

EHC TECHNOLOGIES, INC.

DEBTOR.

CASE NO. 02-00937-5-ATS

EIN: 52-2096517

CHAPTER 7

DAVID M. WARREN,
Bankruptcy Trustee for
EHC Technologies, Inc.

PLAINTIFF,

v.

UCG, INC. a/k/a UCG, BLESSING WHITE, INC.,
SUSAN HENDERSON, individually,
PACIFIC LIFE & ANNUITY CO.,
KEVIN BLANK, individually in his capacity as
Chairman of the Board of EHC Technologies, Inc.,
CHRIS COONEY, individually in his capacity as
Chief Operating Officer of EHC Technologies, Inc.,
MICHAEL TRIGGIANO, individually in his capacity
as Chief Technology Officer of EHC Technologies, Inc.,
MICHAEL SKLAR, individually in his capacity
as Vice President of Sales for EHC Technologies, Inc.,
MARK DECKER, individually in his capacity
as an employee-agent of EHC Technologies, Inc.,
INTERNET HEALTHCARE GROUP, L.L.C. and
BEACON HEALTH CARE, S.C.,

DEFENDANTS.

ADVERSARY PROCEEDING NO.

3-04-00021-5-AP

## COMPLAINT

Now comes David M. Warren ("Plaintiff"), bankruptcy trustee for EHC Technologies,

Inc., by and through counsel, and complains of UCG, INC. BLESSING WHITE, INC., SUSAN

HENDERSON, PACIFIC LIFE & ANNUITY CO., KEVIN BLANK, CHRIS COONEY,

MICHAEL TRIGGIANO, MICHAEL SKLAR, MARK DECKER, INTERNET HEALTHCARE

GROUP, L.L.C. and BEACON HEALTH CARE, S.C., (collectively referred to as "Defendants") by alleging and saying as follows:

1.     This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     EHC Technologies, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 21, 2002 ("Petition Date").

3.     The Plaintiff is the duly appointed and serving trustee in the above-captioned matter pursuant to 11 U.S.C. § 704.

4.     Upon information and belief, UCG, Inc., also known as UCG ("UCG"), is a foreign corporation organized under the laws of the State of Maryland with an office and principal place of business in Rockville, Maryland.

5.     Upon information and belief, Blessing White, Inc. ("Blessing White") is a foreign corporation organized under the laws of the State of Delaware with an office and principal place of business in Skillman, New Jersey.

6.     Upon information and belief, Susan Henderson ("Henderson") is a citizen and resident of Winnetka, Illinois and is neither an infant nor incompetent.

7.     Upon information and belief, Pacific Life & Annuity Company ("Pacific Life") is a foreign insurance company licensed to do business in North Carolina with an office and principal place of business in Newport Beach, California.

8.      Upon information and belief, Kevin Blank ("Blank") is a citizen and resident of Avon, Connecticut and is neither an infant nor incompetent.

9.      Upon information and belief, Chris Cooney ("Cooney") is a citizen and resident of Stamford, Connecticut and is neither an infant nor incompetent.

10.     Upon information and belief, Michael Triggiano ("Triggiano") is a citizen and resident of Wake County, North Carolina and is neither an infant nor incompetent.

11.     Upon information and belief, Michael Sklar ("Sklar") is a citizen and resident of Chappaqua, New York and is neither an infant nor incompetent.

12.     Upon information and belief, Mark Decker ("Decker") is a citizen and resident of Wake County, North Carolina and is neither an infant nor incompetent.

13.     Upon information and belief, Internet Healthcare Group, L.L.C. ("Internet Healthcare") is a Connecticut limited liability company with an office and place of business in Avon, Connecticut.

14.     Upon information and belief, Beacon Health Care, S.C. ("Beacon Health") is a Wisconsin corporation with an office and principal place of business in Mayville, Wisconsin.

### COUNT ONE
### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 547 and 550

15.     The allegations set forth in paragraphs 1 through 14 above, including all Exhibits, are realleged and incorporated herein by reference.

16.     Upon information and belief, during the ninety (90) days immediately prior to the Petition Date (the "Preference Period"), Debtor transferred funds to certain Defendants (collectively the "Preference Defendants") in payment for good and/or services provided by the Preference Defendants to Debtor.

17.  On or about February 5, 2002, Debtor transferred to UCG the sum of $3,600.00.

18.  On or about February 8, 2002, Debtor transferred to Blessing White the sum of $30,000.00.

19.  On or about January 23, 2002, Debtor transferred to Henderson the sum of $2,000.00.

20.  On or about January 3, 2002, Debtor transferred to Pacific Life the sum of $2,241.58.

21.  On or about March 6, 2003 ("Demand Date"), Plaintiff, by and through counsel, made written demand upon the Preference Defendants for return of the transfers referenced above in paragraphs 17 through 20 ("Preferential Transfers"). True and accurate copies of the demand letters are attached hereto as **Exhibit A** and incorporated herein by reference.

22.  The Preferential Transfers constitute transfers of an interest of the Debtor in property.

23.  The Preferential Transfers were made to or for the benefit of the Preference Defendants as creditors of the Debtor.

24.  The Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor to the Preference Defendants

25.  The Preferential Transfers were made while the Debtor was insolvent.

26.  The Preferential Transfers were made on or within ninety (90) days before the Petition Date.

27.  The Preferential Transfers enabled the Preference Defendants to receive more than the Preference Defendants would have received under a Chapter 7 liquidation case had the

Preferential Transfers not been made and the Preference Defendants received payments on their claims to the extent provided by Title 11 of the United States Code.

28. Pursuant to 11 U.S.C. § 547(b), the Preferential Transfers are avoidable.

29. Plaintiff is entitled to recover the property transferred (or the value of such property) from the initial transferee or any immediate or mediate transferee.

30. The property transferred (and the value of such property) is referenced above in paragraphs 17 through 20, respectively, as the Preferential Transfers.

31. Pursuant to 11 U.S.C. § 550(a), Plaintiff may recover from the respective Preference Defendants the full value of each respective Preferential Transfer, as set forth above in paragraphs 17 through 20, for the benefit of the Debtor's bankruptcy estate.

<u>COUNT TWO</u>
<u>AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS</u>
<u>PURSUANT TO 11 U.S.C. § 548 and § 550</u>

32. The allegations set forth in paragraphs 1 through 31 above, including all Exhibits, are realleged and incorporated herein by reference.

33. On or about November 21, 2001, Debtor transferred to Blank the sum of $100,750.00.

34. On or about March 15, 2002, Debtor transferred to Blank the sum of $5,000.00.

35. On or about November 21, 2001, Debtor transferred to Cooney the sum of $75,750.00.

36. On or about November 21, 2001, Debtor transferred to Triggiano the sum of $44,250.00.

37. On or about November 21, 2001, Debtor transferred to Sklar the sum of $47,150.00.

38.    On or about January 30, 2002, Debtor transferred to Sklar the sum of $9,047.82.

39.    On or about November 21, 2001, Debtor transferred to Decker the sum of $34,100.00.

40.    On or about December 26, 2001, Debtor transferred to Internet Healthcare the sum of $163,688.90.

41.    On or about January 16, 2002, Debtor transferred to Beacon Health the sum of $55,856.10.

42.    On or about March 6, 2003 ("Demand Date"), Plaintiff, by and through counsel, made written demand upon the Defendants ("Fraud Defendants") for return of the transfers ("Fraudulent Transfers"), as set forth above in paragraphs 33 through 41. True and accurate copies of the demand letters are attached hereto as **Exhibit B** and incorporated herein by reference.

43.    The Fraudulent Transfers constitute transfers of property of the Debtor to the Fraud Defendants made within one (1) year of the Petition Date.

44.    The Fraudulent Transfers were made by the Debtor to the Fraud Defendants with the actual intent to hinder, delay or defraud the Debtor's creditors to whom the Debtor was indebted where the Debtor:

    a.    Transferred property of the Debtor for no consideration when the Debtor and Fraud Defendants knew of claims of creditors and knew the creditors could not be paid;

    b.    Transferred property of the Debtor to the Fraud Defendants in exchange for consideration of unconscionably low value; or

c.    Transferred property of the Debtor to the Fraud Defendants, who were officers and/or agents of the insolvent Debtor.

45.    In the alternative, the Fraudulent Transfers were in exchange for which the Debtor received less than a reasonably equivalent value.

46.    On the dates of the Fraudulent Transfers, the Debtor was insolvent or became insolvent as a result of the Fraudulent Transfers, was engaged or about to engage in business or a transaction for which any property remaining with the Debtor after the Fraudulent Transfers was unreasonably small capital and/or intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

47.    The Fraudulent Transfers constitute fraudulent conveyances pursuant to 11 U.S.C. § 548(a)(1)(A), or in the alternative, 11 U.S.C. § 548(a)(1)(B), and therefore, are avoidable and subject to full recovery by the Plaintiff.

48.    The property transferred (and the value of such property) is referenced above in paragraphs 33 through 41, respectively, as the Fraudulent Transfers.

49.    Pursuant to 11 U.S.C. § 550(a), the Plaintiff may recover from each respective Fraud Defendant the full value of each respective Fraudulent Transfer, as set forth above in paragraphs 33 through 41, for the benefit of the Debtor's bankruptcy estate.

Wherefore, the Plaintiff prays for the Court to grant the following relief:

1.    To avoid each respective transfer in Count One, as set forth in paragraphs 17 through 20, pursuant to 11 U.S.C. §547(b);

2.    To order each respective Defendant in Count One to pay to the Plaintiff the respective sum as set forth in paragraphs 17 through 20;

3.      To avoid the respective transfers in Count Two, as set forth in paragraphs 33 through 41, pursuant to 11 U.S.C. § 548(a);

4.      In the alternative, to avoid the respective transfers in Count Two, as set forth in paragraphs 33 through 41, pursuant to 11 U.S.C. § 548(b);

5.      To order each respective Defendant in Count Two to pay to the Plaintiff the respective sum as set forth in paragraphs 33 through 41;

6.      To award Plaintiff interest at the maximum legal rate on the amounts awarded in Counts One and Count Two, respectively, from the Demand Date until paid in full, with such recovery being for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 550(a);

7.      To tax the costs of this action against the Defendants; and

8.      To grant any and such further relief as the Court may deem just and proper.


This the _18_ day of March, 2004.


POYNER & SPRUILL L.L.P.

By: _____
David M. Warren
N.C. State Bar No. 12581
Attorneys for Trustee
Post Office Box 353
Rocky Mount, NC  27802-0353
Telephone:  (252) 446-2341


POYNER&SPRUILL LLP
ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices:  Charlotte, Raleigh

March 6, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

UCG
11300 Rockville Pike
Ste. 1100
Rockville, MD  20852

Re:    EHC  Technologies, Inc.
        Case No.:  02-00937-5-ATS

Dear Sir or Madam:

        The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

        The trustee is obligated, pursuant to §547 of the Code, to recover all preferences for the benefit of the estate's creditors.  According to §547 of the Code, a preference is as follows:

1.    A transfer of property of the Debtor;

2.    Made to a creditor;

3.    For an antecedent debt owed by the Debtor before such transfer was made;

4.    Made while the Debtor were/was insolvent;

5.    Made on or within ninety (90) days before the filing of a petition (within one (1) year for insiders); and

6.    Which would enable the creditor to receive more than such creditor would receive under a Chapter 7 liquidation case had the transfer not been made.

        The Debtor's financial records indicate that you received, within ninety (90) days of the date of the filing of the petition in bankruptcy by the Debtor, a payment in the amount of $3,600.00  which enabled you to receive more than you would under this Chapter 7 liquidation case, had the payment not been made.

**EXHIBIT**

A

**POYNER&SPRUILL** L.L.P.

UCG
March 6, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $3,600.00 the amount of the preference you received from the Debtor as set forth above no later than FIFTEEN (15) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

Upon payment of this amount, you will be allowed a claim in the same amount as the payment and have the rights and privileges of an unsecured creditor. In the event there is a distribution in this case, you will be entitled to share in the distribution to unsecured creditors.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the preferences you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

Deborah E. Sperati

DES:mlw

ROCKYMOUNT/005600-4700002/299336 v.1

**POYNER █ SPRUILL** LLP
ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices:  Charlotte, Raleigh

March 6, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Blessing White
23 Orchard St., Ste. 2
Skillman, NJ  08558

Re:    EHC  Technologies, Inc.
       Case No.:  02-00937-5-ATS

Dear Sir or Madam:

        The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

        The trustee is obligated, pursuant to §547 of the Code, to recover all preferences for the benefit of the estate's creditors.  According to §547 of the Code, a preference is as follows:

1.      A transfer of property of the Debtor;

2.      Made to a creditor;

3.      For an antecedent debt owed by the Debtor before such transfer was made;

4.      Made while the Debtor were/was insolvent;

5.      Made on or within ninety (90) days before the filing of a petition (within one (1) year for insiders); and

6.      Which would enable the creditor to receive more than such creditor would receive under a Chapter 7 liquidation case had the transfer not been made.

        The Debtor's financial records indicate that you received, within ninety (90) days of the date of the filing of the petition in bankruptcy by the Debtor, a payment in the amount of $30,000.00  which enabled you to receive more than you would under this Chapter 7 liquidation case, had the payment not been made.

---

130 South Franklin Street, Rocky Mount, NC  27804  •  P.O. Box 353, Rocky Mount, NC 27802.0353  •  252.446.2341 Tel  •  252.972.7045 Fax

# POYNER & SPRUILL L.L.P.

Blessing White
March 6, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $30,000.00 the amount of the preference you received from the Debtor as set forth above no later than FIFTEEN (15) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

Upon payment of this amount, you will be allowed a claim in the same amount as the payment and have the rights and privileges of an unsecured creditor. In the event there is a distribution in this case, you will be entitled to share in the distribution to unsecured creditors.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the preferences you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

Deborah E. Sperati

Deborah E. Sperati

DES:mlw

# POYNER & SPRUILL LLP
### ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices: Charlotte, Raleigh

March 6, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Susan Henderson
555 Ash Street
Winnetka, IL 60093

Re:    EHC Technologies, Inc.
       Case No.: 02-00937-5-ATS

Dear Ms. Henderson:

The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

The trustee is obligated, pursuant to §547 of the Code, to recover all preferences for the benefit of the estate's creditors. According to §547 of the Code, a preference is as follows:

1.   A transfer of property of the Debtor;

2.   Made to a creditor;

3.   For an antecedent debt owed by the Debtor before such transfer was made;

4.   Made while the Debtor were/was insolvent;

5.   Made on or within ninety (90) days before the filing of a petition (within one (1) year for insiders); and

6.   Which would enable the creditor to receive more than such creditor would receive under a Chapter 7 liquidation case had the transfer not been made.

The Debtor's financial records indicate that you received, within ninety (90) days of the date of the filing of the petition in bankruptcy by the Debtor, a payment in the amount of $2,000.00 which enabled you to receive more than you would under this Chapter 7 liquidation case, had the payment not been made.

130 South Franklin Street, Rocky Mount, NC 27804 • P.O. Box 353, Rocky Mount, NC 27802-0353 • 252.446.2341 Tel • 252.972.7045 Fax

**POYNER & SPRUILL** L.L.P.

Susan Henderson
March 6, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $2,000.00 the amount of the preference you received from the Debtor as set forth above no later than FIFTEEN (15) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

Upon payment of this amount, you will be allowed a claim in the same amount as the payment and have the rights and privileges of an unsecured creditor. In the event there is a distribution in this case, you will be entitled to share in the distribution to unsecured creditors.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the preferences you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

Deborah E. Sperati

DES:mlw

**POYNER & SPRUILL** LLP

ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices:  Charlotte, Raleigh

March 6, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Pac. Life & Ann. Co., Inc.
P.O. Box 41050
Santa Ana, CA  92799

Re:    EHC  Technologies, Inc.
        Case No.: 02-00937-5-ATS

Dear Sir or Madam:

The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

The trustee is obligated, pursuant to §547 of the Code, to recover all preferences for the benefit of the estate's creditors.  According to §547 of the Code, a preference is as follows:

1.    A transfer of property of the Debtor;

2.    Made to a creditor;

3.    For an antecedent debt owed by the Debtor before such transfer was made;

4.    Made while the Debtor were/was insolvent;

5.    Made on or within ninety (90) days before the filing of a petition (within one (1) year for insiders); and

6.    Which would enable the creditor to receive more than such creditor would receive under a Chapter 7 liquidation case had the transfer not been made.

The Debtor's financial records indicate that you received, within ninety (90) days of the date of the filing of the petition in bankruptcy by the Debtor, a payment in the amount of $2,241.58  which enabled you to receive more than you would under this Chapter 7 liquidation case, had the payment not been made.

# POYNER & SPRUILL L.L.P.

Pac. Life & Ann. Co., Inc.
March 6, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $2,241.58 the amount of the preference you received from the Debtor as set forth above no later than FIFTEEN (15) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

Upon payment of this amount, you will be allowed a claim in the same amount as the payment and have the rights and privileges of an unsecured creditor. In the event there is a distribution in this case, you will be entitled to share in the distribution to unsecured creditors.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the preferences you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

Deborah E. Sperati

DES:mlw


POYNER&SPRUILL LLP
ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices: Charlotte, Raleigh

March 7, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Kevin Blank
68 Avonridge Rd.
Avon, CT 06001

Re:    EHC Technologies, Inc.
        Case No.: 02-00937-5-ATS

Dear Mr. Blank:

The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

The trustee is entitled, pursuant to §548 of the Code, to recover all transfers of an interest of the Debtor made within one (1) year before the date of the filing of the petition in exchange for which the Debtor received less than a reasonably equivalent value.

Pursuant to §548 of the Code, the following circumstances also constitute fraudulent transfers:

1.    On the date of the transfer, the Debtor was insolvent or became insolvent as a result of the transfer;

2.    The Debtor was engaged or about to engage in business or a transaction for which any property remaining with the Debtor after the transfer was unreasonably small capital; or

3.    The Debtor intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

The Debtor's financial records indicate that you received, within one (1) year of the date of the filing of the bankruptcy petition by the Debtor, a payment in the amount of $105,750.00, which constitutes a fraudulent transfer under §548 of the Code.

**EXHIBIT**

B

# POYNER & SPRUILL LLP
### ATTORNEYS-AT-LAW

Kevin Blank
March 7, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $105,750.00 the amount of the transfer you received from the Debtor as set forth above no later than TEN (10) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the transfer you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

Deborah E. Sperati

Deborah E. Sperati

DES:mlw



**POYNER & SPRUILL** LLP

ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices:  Charlotte, Raleigh

March 7, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Chris Cooney
15 Flying Cloud Rd.
Stamford, CT 06902

Re:     EHC Technologies, Inc.
        Case No.: 02-00937-5-ATS

Dear Mr. Cooney:

The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

The trustee is entitled, pursuant to §548 of the Code, to recover all transfers of an interest of the Debtor made within one (1) year before the date of the filing of the petition in exchange for which the Debtor received less than a reasonably equivalent value.

Pursuant to §548 of the Code, the following circumstances also constitute fraudulent transfers:

1.   On the date of the transfer, the Debtor was insolvent or became insolvent as a result of the transfer;

2.   The Debtor was engaged or about to engage in business or a transaction for which any property remaining with the Debtor after the transfer was unreasonably small capital; or

3.   The Debtor intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

The Debtor's financial records indicate that you received, within one (1) year of the date of the filing of the bankruptcy petition by the Debtor, a payment in the amount of $75,750.00, which constitutes a fraudulent transfer under §548 of the Code.

**POYNER & SPRUILL** LLP
ATTORNEYS-AT-LAW

Chris Cooney
March 7, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $75,750.00 the amount of the transfer you received from the Debtor as set forth above no later than TEN (10) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the transfer you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

*Deborah E. Sperati*

Deborah E. Sperati

DES:mlw



## POYNER & SPRUILL LLP
### ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices:  Charlotte, Raleigh

March 7, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Michael Triggiano
10000 Bradwell Ct.
Raleigh, NC 27613

Re:    EHC Technologies, Inc.
       Case No.: 02-00937-5-ATS

Dear Mr. Triggiano:

The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

The trustee is entitled, pursuant to §548 of the Code, to recover all transfers of an interest of the Debtor made within one (1) year before the date of the filing of the petition in exchange for which the Debtor received less than a reasonably equivalent value.

Pursuant to §548 of the Code, the following circumstances also constitute fraudulent transfers:

1.    On the date of the transfer, the Debtor was insolvent or became insolvent as a result of the transfer;

2.    The Debtor was engaged or about to engage in business or a transaction for which any property remaining with the Debtor after the transfer was unreasonably small capital; or

3.    The Debtor intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

The Debtor's financial records indicate that you received, within one (1) year of the date of the filing of the bankruptcy petition by the Debtor, a payment in the amount of $53,548.12, which constitutes a fraudulent transfer under §548 of the Code.

# POYNER&SPRUILL LLP
### ATTORNEYS-AT-LAW

Michael Triggiano
March 7, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $53,548.12 the amount of the transfer you received from the Debtor as set forth above no later than TEN (10) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the transfer you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

*Deborah E. Sperati*

Deborah E. Sperati

DES:mlw



**POYNER&SPRUILL** LLP
ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices: Charlotte, Raleigh

March 7, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Michael Sklar
10 Random Farms Dr.
Chappaqua, NY 10514

Re:     EHC Technologies, Inc.
        Case No.: 02-00937-5-ATS

Dear Mr. Sklar:

The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

The trustee is entitled, pursuant to §548 of the Code, to recover all transfers of an interest of the Debtor made within one (1) year before the date of the filing of the petition in exchange for which the Debtor received less than a reasonably equivalent value.

Pursuant to §548 of the Code, the following circumstances also constitute fraudulent transfers:

1.    On the date of the transfer, the Debtor was insolvent or became insolvent as a result of the transfer;

2.    The Debtor was engaged or about to engage in business or a transaction for which any property remaining with the Debtor after the transfer was unreasonably small capital; or

3.    The Debtor intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

The Debtor's financial records indicate that you received, within one (1) year of the date of the filing of the bankruptcy petition by the Debtor, a payment in the amount of $56,197.82, which constitutes a fraudulent transfer under §548 of the Code.

**POYNER & SPRUILL** LLP
ATTORNEYS·AT·LAW

Michael Sklar
March 7, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $56,197.82 the amount of the transfer you received from the Debtor as set forth above no later than TEN (10) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the transfer you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

Deborah E. Sperati

DES:mlw

ROCKYMOUNT/005600-4700001/299427 v.1


**POYNER&SPRUILL** LLP
ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices:  Charlotte, Raleigh

March 7, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Mark Decker
200 Vatersay Dr.
Apex, NC 27502

Re:     EHC Technologies, Inc.
        Case No.: 02-00937-5-ATS

Dear Mr. Decker:

The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

The trustee is entitled, pursuant to §548 of the Code, to recover all transfers of an interest of the Debtor made within one (1) year before the date of the filing of the petition in exchange for which the Debtor received less than a reasonably equivalent value.

Pursuant to §548 of the Code, the following circumstances also constitute fraudulent transfers:

1.     On the date of the transfer, the Debtor was insolvent or became insolvent as a result of the transfer;

2.     The Debtor was engaged or about to engage in business or a transaction for which any property remaining with the Debtor after the transfer was unreasonably small capital; or

3.     The Debtor intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

The Debtor's financial records indicate that you received, within one (1) year of the date of the filing of the bankruptcy petition by the Debtor, a payment in the amount of $35,547.54, which constitutes a fraudulent transfer under §548 of the Code.

**POYNER & SPRUILL** LLP
ATTORNEYS-AT-LAW

Mark Decker
March 7, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $35,547.54 the amount of the transfer you received from the Debtor as set forth above no later than TEN (10) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the transfer you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

*Deborah E Sperati*

Deborah E. Sperati

DES:mlw

# POYNER&SPRUILL LLP
## ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices:  Charlotte, Raleigh

March 7, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Internet Healthcare Group
22 Waterville Rd.
Avon, CT 06001

Re:    EHC Technologies, Inc.
       Case No.: 02-00937-5-ATS

Dear Sir or Madam:

The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

The trustee is entitled, pursuant to §548 of the Code, to recover all transfers of an interest of the Debtor made within one (1) year before the date of the filing of the petition in exchange for which the Debtor received less than a reasonably equivalent value.

Pursuant to §548 of the Code, the following circumstances also constitute fraudulent transfers:

1.    On the date of the transfer, the Debtor was insolvent or became insolvent as a result of the transfer;

2.    The Debtor was engaged or about to engage in business or a transaction for which any property remaining with the Debtor after the transfer was unreasonably small capital; or

3.    The Debtor intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

The Debtor's financial records indicate that you received, within one (1) year of the date of the filing of the bankruptcy petition by the Debtor, a payment in the amount of $163,688.90, which constitutes a fraudulent transfer under §548 of the Code.

**POYNER & SPRUILL** LLP
ATTORNEYS-AT-LAW

Internet Healthcare Group
March 7, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $163,688.90 the amount of the transfer you received from the Debtor as set forth above no later than TEN (10) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the transfer you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

*Deborah E Sperati*

Deborah E. Sperati

DES:mlw

ROCKYMOUNT/005600-4700001/299429 v.1

# POYNER&SPRUILL LLP
### ATTORNEYS-AT-LAW

Deborah E. Sperati
Attorney-at-Law

Direct Dial: 252.972.7095
dsperati@poynerspruill.com

www.poynerspruill.com

Other offices: Charlotte, Raleigh

March 7, 2003

**VIA UNITED STATES FIRST CLASS MAIL AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Beacon Health
12308 N. Corp. Pkwy, Ste. 100
Mequon, WI 53092

Re:    EHC Technologies, Inc.
       Case No.: 02-00937-5-ATS

Dear Sir or Madam:

The above-referenced Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") on March 21, 2002 in the United States Bankruptcy Court for the Eastern District of North Carolina, and the court appointed David M. Warren as trustee to administer the estate.

The trustee is entitled, pursuant to §548 of the Code, to recover all transfers of an interest of the Debtor made within one (1) year before the date of the filing of the petition in exchange for which the Debtor received less than a reasonably equivalent value.

Pursuant to §548 of the Code, the following circumstances also constitute fraudulent transfers:

1.    On the date of the transfer, the Debtor was insolvent or became insolvent as a result of the transfer;

2.    The Debtor was engaged or about to engage in business or a transaction for which any property remaining with the Debtor after the transfer was unreasonably small capital; or

3.    The Debtor intended to incur or believed that it would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

The Debtor's financial records indicate that you received, within one (1) year of the date of the filing of the bankruptcy petition by the Debtor, a payment in the amount of $55,856.10, which constitutes a fraudulent transfer under §548 of the Code.

# POYNER&SPRUILL LLP
### ATTORNEYS-AT-LAW

Beacon Health
March 7, 2003
Page 2

Accordingly, DEMAND IS HEREBY MADE that you pay, or make acceptable arrangements for payment of $55,856.10 the amount of the transfer you received from the Debtor as set forth above no later than TEN (10) DAYS from the date of this letter. Checks should be made payable to "David M. Warren, Trustee in Bankruptcy," and mailed to the attention of the undersigned at the address on this letterhead.

All questions and responses must be addressed in writing to the undersigned. Do not contact the Bankruptcy Court or the Bankruptcy Clerk's office as they do not have the records or legal resources to respond to your questions.

It is important that you immediately pay, or make arrangements for payment of, the amount of the transfer you received. Although we will make every effort to resolve this matter amicably, it is our intent to take whatever legal action is in the best interest of the Debtor's estate.

Very truly yours,

*Deborah E. Sperati*

Deborah E. Sperati

DES:mlw