**FILED**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

MAY 18 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| EHC TECHNOLOGIES, INC., | ) | |
| | ) | Case No. 02-00937-5-ATS |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DAVID M. WARREN, | ) | |
| BANKRUPTCY TRUSTEE FOR | ) | |
| EHC TECHNOLOGIES, INC., | ) | |
| | ) | Adv. Proc. No. 5-04-00021-5-AP |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UCG, INC. a/k/a UCG, BLESSING | ) | |
| WHITE, INC., SUSAN HENDERSON, | ) | |
| individually, PACIFIC LIFE & | ) | |
| ANNUITY CO., KEVIN BLANK | ) | |
| individually in his capacity as Chairman | ) | |
| of the Board of EHC Technologies, Inc., | ) | |
| CHRIS COONEY, individually in his | ) | |
| capacity as Chief Operating Officer of | ) | |
| EHC Technologies, Inc., MICHAEL | ) | |
| TRIGGIANO, individually in his capacity | ) | |
| as Chief Technology Officer of EHC | ) | |
| Technologies, Inc., MICHAEL SKLAR, | ) | |
| individually in his capacity as Vice | ) | |
| President of EHC Technologies, Inc., | ) | |
| MARK DECKER, individually in his | ) | |
| capacity as an employee-agent of EHC | ) | |
| Technologies, Inc., INTERNET | ) | |
| HEALTHCARE GROUP, L.L.C. and | ) | |
| BEACON HEALTH CARE, S.C., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF INTERNET HEALTHCARE GROUP, L.L.C.

Defendant Internet Healthcare Group, L.L.C. ("IHC"), by and through its undersigned attorneys, Moore & Van Allen PLLC, responds as follows to the Complaint (the "Complaint") filed by David M. Warren, as Bankruptcy Trustee for EHC Technologies, Inc. (the "Debtor"):

CHAR2\790795_2

1. The allegations in Paragraph 1 are legal conclusions to which no responses are required.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 4 of the Complaint.

5. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 5 of the Complaint.

6. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 6 of the Complaint.

7. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 7 of the Complaint.

8. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 8 of the Complaint.

9. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 9 of the Complaint.

10. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 10 of the Complaint.

11. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 11 of the Complaint.

12. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 12 of the Complaint.

13. IHC admits that it is a Delaware limited liability company; that it maintained an office in Avon, Connecticut, until approximately August of 2003; and that it continues to maintain a post office box in Avon, Connecticut. Except as expressly admitted, IHC denies the allegations of Paragraph 13 of the Complaint.

14. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 14 of the Complaint.

## COUNT ONE
## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. §§ 547 AND 550

15. IHC incorporates by reference and realleges its responses in paragraphs 1 through 14 above.

16. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 16 of the Complaint.

17. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 17 of the Complaint.

18. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 18 of the Complaint.

19. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 19 of the Complaint.

20. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 20 of the Complaint.

21. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 21 of the Complaint.

22. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 22 of the Complaint. Alternatively, these allegations are legal conclusions to which no response is required.

23. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 23 of the Complaint. Alternatively, these allegations are legal conclusions to which no response is required.

24. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 24 of the Complaint. Alternatively, these allegations are legal conclusions to which no response is required.

25. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 25 of the Complaint. Alternatively, these allegations are legal conclusions to which no response is required.

26. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 26 of the Complaint. Alternatively, these allegations are legal conclusions to which no response is required.

27. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 27 of the Complaint. Alternatively, these allegations are legal conclusions to which no response is required.

28. The allegations of Paragraph 28 of the Complaint are legal conclusions to which no response is required.

29. The allegations of Paragraph 29 of the Complaint are legal conclusions to which no response is required.

30. The allegations of Paragraph 30 of the Complaint are definitional allegations to which no response is required.

31. The allegations of Paragraph 31 of the Complaint are legal conclusions to which no response is required.

## COUNT TWO: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PUSUANT TO 11 U.S.C. §§ 548 AND 550

32. IHC incorporates by reference and realleges its responses in paragraphs 1 through 31 above.

33. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 33 of the Complaint.

34. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 34 of the Complaint.

35. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 35 of the Complaint.

36. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 36 of the Complaint.

37. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 37 of the Complaint.

38. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 38 of the Complaint.

39. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 39 of the Complaint.

40. The allegations of Paragraph 40 of the Complaint are denied.

41. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 41 of the Complaint.

42. IHC admits that the Trustee for the Debtor issued and IHC received that certain letter dated March 7, 2003, and addressed to IHC, a copy of which is included within the

documents attached as Exhibit B to the Complaint. Except as expressly admitted, IHC denies the allegations of Paragraph 42 of the Complaint.

43. IHC admits that it received transfers of property of the Debtor within one year of the Petition Date. Except as expressly admitted, IHC denies the allegations of Paragraph 43 of the Complaint.

44. IHC denies the allegations of Paragraph 44 of the Complaint with respect to any transfer the Debtor made to IHC. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the remaining allegations of this Paragraph of the Complaint.

45. IHC denies the allegations of Paragraph 45 of the Complaint with respect to any transfer the Debtor made to IHC. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the remaining allegations of this Paragraph of the Complaint.

46. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the allegations of Paragraph 46 of the Complaint. Alternatively, these allegations are legal conclusions to which no response is required.

47. IHC denies the allegations of Paragraph 47 of the Complaint with respect to any transfer the Debtor made to IHC. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the remaining allegations of this Paragraph of the Complaint. Alternatively, these allegations are legal conclusions to which no response is required.

48. The allegations of Paragraph 48 of the Complaint are definitional allegations to which no response is required.

49. IHC denies the allegations of Paragraph 49 of the Complaint with respect to any transfer the Debtor made to IHC. IHC lacks sufficient knowledge or information to admit or deny, and therefore denies, the remaining allegations of this Paragraph of the Complaint. Alternatively, these allegations are legal conclusions to which no response is required.

**WHEREFORE,** IHC respectfully requests that the Court deny all relief requested in Complaint as against IHC and award IHC such other and further relief as the Court deems just, reasonable and proper.

This 13th day of May, 2004.

*/s/ Douglas R. Ghidina*
Douglas R. Ghidina
NC State Bar No. 14109
Danielle K. Greco
NC State Bar No. 30701
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: (704) 331-1000

Attorneys for Defendant Internet Healthcare Group, L.L.C.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| EHC TECHNOLOGIES, INC., | ) | |
| | ) | Case No. 02-00937-5-ATS |
| Debtor. | ) | |
| | ) | |
| DAVID M. WARREN, | ) | |
| BANKRUPTCY TRUSTEE FOR | ) | |
| EHC TECHNOLOGIES, INC., | ) | |
| | ) | Adv. Proc. No. 5-04-00021-5-AP |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UCG, INC. a/k/a UCG, BLESSING WHITE, INC., SUSAN HENDERSON, individually, PACIFIC LIFE & ANNUITY CO., KEVIN BLANK individually in his capacity as Chairman of the Board of EHC Technologies, Inc., CHRIS COONEY, individually in his capacity as Chief Operating Officer of EHC Technologies, Inc., MICHAEL TRIGGIANO, individually in his capacity as Chief Technology Officer of EHC Technologies, Inc., MICHAEL SKLAR, individually in his capacity as Vice President of EHC Technologies, Inc., MARK DECKER, individually in his capacity as an employee-agent of EHC Technologies, Inc., INTERNET HEALTHCARE GROUP, L.L.C. and BEACON HEALTH CARE, S.C., | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2004, service of the foregoing **Answer of Internet Healthcare Group, L.L.C.** was made on the below named parties via first class mail postage prepaid.

David M. Warren
Poyner & Spruill LLP
PO Box 353
Rocky Mount, NC 27802-0353

*Douglas R. Ghidina*